UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY S. KULL, | : |
| | : Civil Action No. 13-4343 (FLW) |
| Petitioner, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | : |
| ARROWOOD INDEMNITY CO., | : |
| | : |
| Respondent. | : |
| | : |

This matter comes before the Court upon non-party Gary S. Kull's ("Petitioner") motion pursuant to Fed. R. Civ. P. 45(c)(3) to quash or modify the subpoena served upon him. [Docket Entry No. 1]. Respondent Arrowood Indemnity Co. ("Arrowood") opposes Petitioner's motion. [Docket Entry No. 4]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Petitioner's motion and considers same without oral argument pursuant to Fed.R.Civ.P. 78. For the reasons set forth more fully below, consistent with this Opinion and the accompanying Order, Petitioner's motion to quash is GRANTED.

I. BACKGROUND AND PROCEDURAL HISTORY

Currently pending before the District Court for the Northern District of Ohio is an action entitled *Arrowood Indemnity Company v. The Lubizol Corporation v. United States Fire Insurance Company*, Case No. 1:10-CV-02871-SO ("Ohio Action"). That action arises out of the Lubrizol Corporation's ("Lubrizol") claim for coverage for the environmental contamination

1

of a tributary known as Patrick Bayou in Harris County, Texas, under policies allegedly issued by Arrowood and United States Fire Insurance Company ("U.S. Fire"). In 1993, Lubrizol sued U.S. Fire and Arrowood as part of an action entitled *The Lubrizol Corporation v. The Central National Insurance Company of Omaha, et al.* [No. 93-cv-00210], ("Central National Litigation"). The Central National Litigation was ultimately resolved via settlement between U.S. Fire and Lubrizol ("U.S. Fire Release") and separately, via settlement between Arrowood and Lubrizol ("Arrowood Release").

In December 2010, Arrowood filed the Ohio Action seeking a declaratory judgment relating to its coverage obligations for the Patrick Bayou site. Lubrizol filed an answer to Arrowood's complaint, a counterclaim against Arrowood for declaratory judgment, breach of contract and bad faith, and a third-party complaint against U.S. Fire seeking coverage for the environmental contamination of Patrick Bayou under policies allegedly issued by U.S. Fire. The District Court for the Northern District of Ohio has granted summary judgment to both Arrowood and U.S. Fire finding that the U.S. Fire Release and Arrowood Release discharged both U.S. Fire and Arrowood from any coverage obligation for the Patrick Bayou site. The Court found the language of the U.S. Fire Release and Arrowood Release to be "clear and unambiguous" and therefore refused to consider any extrinsic evidence in interpreting the releases. *Palmer Certification*, Ex's E & F. The only remaining claim is Lubrizol's claim of bad faith against Arrowood.

Arrowood has issued a subpoena to Petitioner Gary S. Kull, Esq. Petitioner represents U.S. Fire in the Ohio Action and represented U.S Fire during the Central National Litigation. Petitioner states that Arrowood indicated to him that the subject of the deposition will be the

language of the U.S. Fire Release.  *Certification* of Gary Kull, ¶ 3.  Arrowood asserts that they are not seeking to discover extrinsic evidence relating to the interpretation or construction of the U.S. Fire Release.  Rather, the purpose of the deposition is "to obtain discovery regarding an entirely new theory of bad faith liability."

## II. ARGUMENTS

### A. PETITIONER'S ARGUMENT

#### 1. RELEVANCE

Petitioner argues that the subpoena should be quashed because any information that he can provide about the U.S. Fire Release would be irrelevant to the only remaining issue in the Ohio Action between Arrowood and Lubrizol, which is the claim of bad faith claims handling.  He contends that the U.S. Fire Release does not have any relevance to the way Arrowood handled Lubrizol's claim for the Patrick Bayou site.  Petitioner further argues that the information requested must fall within the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).  *Ford Motor Co. v. Edgewood Properties, Inc.*, CIV.A. 06-1278 WJM, 2011 WL 601312, *2 (D.N.J. Feb. 15, 2011).  Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations of Rule 26(b)(2)(C).

Petitioner argues that as a non-party to the Ohio Action, he is entitled to greater protection than that afforded to a normal party.  Petitioner relies on *Stamy v. Packer* and *In re*

*Centrix*, to note that "the standards for non-party discovery require a stronger showing of relevance than for simple party discovery." *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990); *In re Centrix Financial*, CIV.A. 12-6471 (AET), 2012 WL 6625920, *6 (D.N.J. Dec. 18, 2002). The District Court also held in *Centrix* that if a subpoena seeks information outside the scope of permissible discovery, a Court may quash the subpoena. *In re Centrix Financial*, CIV.A. 12-6471 (AET), 2012 WL 6625920 at *5.

Petitioner further argues that since the Court in the Ohio Action has already found the language of the U.S. Fire Release to be clear and unambiguous, any testimony from him regarding the language of the U.S. Fire Release is irrelevant.

Petitioner also notes that while Arrowood would like to link Lubrizol's bad faith theory to U.S. Fire by asserting that certain provisions of the Arrowood Release and U.S. Fire are "substantively identical", they are two separate contracts and Lubrizol has no bad faith claim against U.S. Fire. Petitioner claims that the theory of bad faith asserted against Arrowood by Lubrizol, has nothing to do with U.S. Fire or Petitioner. *Pet'r. Reply Br*. at *4.

### 2. ATTORNEY-CLIENT PRIVILEGE

Petitioner argues that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed.R.Evid. 501; See also *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, CIV.A.09-6435, 2011 WL 1466369, *16 (D.N.J. Apr. 18, 2011)(quoting *Wm. T. Thompson Co. v. Gen. Nutrition Corp., Inc.*, 671 F.2d 100, 103 (3d Cir. 1982), therefore, Ohio law would govern any dispute regarding the terms of the U.S. Fire Release. Petitioner also notes that any defense that Arrowood intends to argue as to Lubrizol's claim of bad faith will be governed by Ohio law.

Petitioner argues that under Ohio law, an attorney shall not testify "concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client…" Ohio R.C. §2317.02 (A)(1). The statute applies to cases in which a party is seeking the testimony of an attorney for trial or at a deposition. *Grace v. Mastruserio*, 182 Ohio App. 3d 243, 249 (2007).

### 3. WORK PRODUCT DOCTRINE

Petitioner notes that the Third Circuit held in *Memory Bowl v. N. Pointe Ins. Co.* that work product that encompasses "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded near absolute protection from discovery ." *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (quoting *In re Cendent Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). Petitioner argues that seeking testimony from him regarding the preparation of the U.S. Fire Release would necessarily require him to divulge his own mental impressions and opinions regarding the development and/or preparation of the U.S. Fire Release and thus, violate the work product doctrine.

### B. ARROWOOD'S ARGUMENT

Arrowood argues that the testimony being sought from Petitioner is relevant and reasonably calculated to lead to the discovery of relevant information. They also argue that there is no legal basis to support the quashing of the subpoena by this Court. Furthermore, they assert that they are not seeking to discover extrinsic evidence relating to the interpretation or construction of the U.S. Fire Release. Arrowood states that the purpose of the deposition is "obtain discovery regarding an entirely new theory of bad faith liability." *Resp't Br. in Opp'n* at

5

*1. According to Arrowood, the language used and/or omitted from the U.S. Fire Release was the result of the contracting parties' mutual mistakes. Arrowood contends that Lubrizol's bad faith claim against Arrowood is based on the contention that the words chosen (or omitted) were the result of a huge mistake. The discovery sought from Petitioner is related to the credibility of Lubrizol's mistake allegations. *Id*. at \*2.

Arrowood states that Petitioner can provide non-privileged testimony regarding his awareness – or not – of any "mistakes" that might explain the actual release language used in the U.S. Fire Release. Arrowood states that this is different from seeking discovery of extrinsic evidence regarding the interpretation or construction of language actually used in the release. *Id* at \*3.

Arrowood further notes that what they are trying to find out is whether or not Lubrizol can prove that the release language used in its Settlement Agreement with Arrowood failed to reflect the true intentions of both parties because of a mutually made mistake. *Id*. at \*4.

Arrowood argues that although the testimony that they intend to elicit from Petitioner is relevant, relevance is not a proper basis on which to modify or quash a subpoena. Arrowood claims that Rule 45 of the Federal Rules of Civil Procedure sets out both mandatory and permissible grounds for quashing or modifying a subpoena and relevance is not one of the grounds. *Id*. They further argue, that it would be more appropriate for the District Judge in the underlying matter to decide the appropriateness of the subpoena as that Court is better suited to evaluate relevancy. *Id*., See e.g. *United States v Star Scientific, Inc.*, 205 F. Supp. 2d 482, 488 (D. Md. 2002).

Finally, Arrowood argues that Petitioner's concerns regarding privilege and work product

are misplaced as the subpoena does not seek any documents and no attempt will be made to elicit testimony regarding privileged matters.  *Id*. at *5.

### C. LUBRIZOL'S ARGUMENT

Lubrizol argues that if the theory advanced by Arrowood regarding Lubrizol's bad faith claim is accepted by the Ohio Northern District Court, then Petitioner's testimony regarding the U.S. Fire Release would be relevant.  *Lubrizol's Br. in Opp'n* at *5.

Lubrizol further argues that Petitioner has failed to meet his burden in demonstrating that privilege bars his testimony in its entirety and he should provide non-privileged testimony.  *Id*. at *6.  Lubrizol states that Petitioner does nothing more than claim that his testimony would invoke the privilege and that blanket assertions of privilege and work product do not suffice and, generally a party must provide "specific facts and circumstances" in order to establish the privilege.  *Id*., *Robinson v. Winslow Twp*., 2012 U.S. Dist. LEXIS 4288, (D.N.J. Jan. 13, 2012).

Lubrizol contends that even if the Court determines that Petitioner's testimony is actually protected by the attorney-client privilege or work product doctrine, U.S. Fire has waived the privileges it holds by placing the terms of the 1995 Settlement Agreement at issue.  *Id*. at *7, Grace v. Mastruserio*, 182 Ohio App. 3d 243, 250, 912 N.E.2d 608 (Ohio Ct. App. 2007) (under Ohio law, attorney-client privilege can be waived by placing information at issue; *Munich Reinsurance Am., Inc., Am.Nat'l Ins.Co*., 2011 U.S. Dist. LEXIS 41826, *70-71 (D.N.J. Apr. 18, 2011) ("Courts have found an implied waiver of the attorney-client and/or attorney work product privilege where a client affirmatively places otherwise privileged information at issue in the case").  Lubrizol further notes that where a party files suit based on agreements and places at issue "the intent of the parties with regard to construction of certain terms of the agreements,

7

implied waiver has been found. *Id*. at *8, *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980); *Aviation Ins. Servs. of Nev., Inc. v. Dewald*, No. 2:10-cv-01536-LDG-GWF, 2012 U.S. Dist. LEXIS 35680, *25-26 (D. Nev. Mar. 16, 2012) ("courts have also found implied waiver of the attorney-client privilege where a party has affirmatively placed in issue its understanding or the meaning of a contract or settlement agreement that was negotiated by its counsel"); *Synalloy Corp. v. Gray*, 142 F.R.D. 266 (D. Del. 1992).

Lubrizol asserts that the U.S. Fire Release was placed at issue by U.S. Fire when U.S. Fire asserted its counterclaim against Lubrizol. Lubrizol states that it is vital to Lubrizol's defense to obtain information that will allow Lubrizol to defend against U.S. Fire's counterclaim. Furthermore, Lubrizol asserts that it has made a showing of "substantial need" entitling it to discover otherwise protected work product under Fed.R.Civ.P. 26(b)(3).

### III. ANALYSIS

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad. Indeed, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery.

If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served. Fed.R.Civ.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides...,
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

*Id.*

  A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)." *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 591 (D.Kan.2003). *Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07-597 (FLW), 2007 WL 2362598, *1 -2 (D.N.J. Aug. 15, 2007).

  The Court notes that Petitioner is a non-party and therefore is afforded greater protection from discovery than a normal party. *See Laxalt v. McClatchy,* 116 F.R.D. 455, 458 (D.Nev. 1986); *Stamy v. Packer,* 138 F.R.D. 412, 419 (D.N.J. 1990) ("Initially, it should be noted that the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery.")

  The Court finds that the subpoena at issue must be quashed for several reasons.

  First, the information requested is not relevant. The Court agrees with Petitioner's assertion that any information that he can provide about the U.S. Fire Release would be irrelevant to Lubrizol's claim of bad faith claims handling by Arrowood. Furthermore, the U.S. Fire Release does not have any relevance to the way Arrowood handled Lubrizol's claim. It is notable that the U.S. Fire Release is not the agreement that is at issue in the bad faith claim against Lubrizol. The agreement at issue is the Arrowood Release. Although Arrowood is

9

asserting that the certain provisions of the agreements are "substantively identical", since they are two separate contracts, any information that Petitioner can provide about the U.S. Fire Release is not likely to lead to relevant evidence in the Ohio matter.

Second, the information requested is protected by the attorney-client privilege and the work product doctrine. The attorney-client privilege protects confidential communications between attorney and client. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The purpose of the privilege is to "encourage full and frank communication between attorneys and their clients." *Id.*; *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994). Such communication must be encouraged because "the administration of justice in a complex society depends upon the availability of sound legal advice, and in turn, the soundness of legal advice depends upon clients' willingness to present full disclosures to their attorneys." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). The privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. *Id.* at 230-31(citing *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)). However, because the attorney-client privilege has the effect of withholding potentially relevant information, courts must apply it only where it is necessary to achieve its purpose. *Wachtel,* 482 F.3d at 231.

Like the attorney-client privilege, the work product doctrine protects certain material from discovery. However, the work product doctrine is "distinct from and broader than the attorney-client privilege." *U.S. v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The doctrine exists to protect "the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp.*

*Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003) (quoting *Nobles,* 422 U.S. at 238). "Core" work product consisting of "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded near absolute protection from discovery." <u>*In re Cendant Corp. Sec. Litig.,* 343 F.3d 658, 661–62 (3d Cir.2003)</u>. The Court agrees with Petitioner's assertion that the requested deposition would require him to divulge his own mental impressions and opinons regarding the development and/or preparation of the U.S. Fire Release and thus, violate the work product doctrine.

### III. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Quash the subpoena is GRANTED. An appropriate Order follows.

Dated: October 11, 2013

                                            s/Tonianne J. Bongiovanni
                                  **HONORABLE TONIANNE J. BONGIOVANNI**
                                  **UNITED STATES MAGISTRATE JUDGE**